IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY CAPPS,

      Plaintiff,

v.  No. CIV-07-0642 BB/RLP

CHAVES COUNTY BOARD OF COMMISSIONERS, et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was convicted and sentenced to five months in prison on state charges of violating a protective order. While he was incarcerated, the district attorney brought two additional charges against him, allegedly for the same conduct. He was then sentenced to seven years in prison as an habitual offender. He contends that the Defendants' actions amounted to unlawful imprisonment and violated his protection against double jeopardy. The complaint seeks damages.

Plaintiff's double jeopardy claim appears to call into question the constitutionality of the criminal conviction by which he is incarcerated. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487; *and see Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (". . . a § 1983 action implicates *Heck* only as it relates to the conviction that it would be directly invalidating."). The complaint does not allege that Plaintiff's conviction has been set aside, *see Heck*, 512 U.S. at 486-87, and thus his allegations of being convicted twice for the same conduct fail to state a claim cognizable under § 1983. *See Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). The Court will dismiss Plaintiff's complaint without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

                                                            */s/ Bruce D. Black*
                                                  UNITED STATES DISTRICT JUDGE